UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                    Case No.  5:06-cr-22-Oc-10GRJ

WESLEY TRENT SNIPES
EDDIE RAY KAHN
DOUGLAS P. ROSILE
_____/

## ORDER ON MOTIONS FOR JUDGMENT OF ACQUITTAL

The United States rested its case in chief at trial on January 25, 2008.  The Defendant Snipes has filed a written  motion for judgment of acquittal under Federal Rule of Criminal Procedure29 (Doc. 389) with respect to Counts Two and Three of the Superseding Indictment.  Defendant Rosile has filed a written motion, (Doc. 390), for judgment of acquittal with respect to Counts One and Two of the Superseding Indictment, the only counts in which he is charged.

### I.  The Motion of the Defendant Snipes

A.  Count Two.  Count Two of the Indictment charges a false claim offense in violation of 18 U.S.C. § 287.  The "claim" forming the basis of the charge is an amended federal income return – Form 1040X – allegedly filed by Defendant Snipes in April, 2001, for the tax year 1997 showing zero income for that year and requesting a refund of the tax previously paid at the time of filing of the original return.  See Government Trial Exhibits 64-1 & 64-2.

The face of the amended return reveals that the jurat on the prescribed form was altered, contrary to the requirement of 26 U.S.C. § 6065, to state that it was "not" filed under penalty of perjury.  Thus, because the Form1040X was not a valid tax return under § 6065, the Defendant asserts that it cannot be the basis of a prosecution under 18 U.S.C. § 287. There is, however, no decision on point that so holds, and the court is not persuaded by the argument.  A false or fraudulent claim in violation of § 287 is, by definition, an invalid claim made with the requisite willful intent.  That the claim was also deficient in form, apart from its falsity, may have a bearing on the jury's consideration of the Defendant's state of mind, but it does not foreclose the prosecution as a matter of law. See United States v. Neifert-White Co., 390 U.S. 228, 233 (1968), quoted in United States v. Killough, 848 F.2d 1523, 1533 (11th Cir. 1988) ("This remedial statute [the False Claims Act] reaches beyond 'claims' which might be legally enforced, to all fraudulent attempts to cause the government to pay out sums of money.")

The motion for judgment of acquittal as to Count Two will be Denied.

B.  Count Three.  Defendant Snipes argues for judgment of acquittal as to Count Three – the first of the failure to file counts – on the basis that the alleged offense is barred by the applicable six year statute of limitations.

Count Three charges a failure to file for the tax year 1999, and alleges that the return should have been filed on or before October 16, 2000.  The indictment was returned on October 12, 2006, four days before the limitations period would have expired.  The Defendant contends, however, that the evidence now shows that the limitations period

actually expired in April, 2006, because the extension of his filing date from April to October 16 was secured without his authority by his former agent who had terminated the agency relationship and no longer had power to seek the extension for the Defendant Snipes at the time it was sought and granted.

This argument, though clever, is also unpersuasive.  Whatever the legal relationship between Defendant Snipes and his agent (or former agent) may have been when the extension was applied for, and whatever their respective rights and obligations may have been inter se, it is clear from the evidence in its present state that the agent was still authorized to represent Defendant Snipes in his dealings with the IRS because it does not appear that the termination of Defendant Snipes' agency relationship had been communicated to the IRS.

The Defendant Snipes' motion for judgment of acquittal as to Count Three will be Denied.

## II.   The Motion of the Defendant Rosile

The Defendant Rosile's motion essentially argues that the evidence concerning the conspiracy charge in Count One of the Superseding Indictment is insufficient to show that he entered into any agreement to defraud the IRS; and, similarly, as to Count Two – the false claim charge – that the evidence is insufficient to show criminal intent because the amended return in question disclosed that it was predicated on the "861 argument" thereby negating fraud.

3

The motion is due to be Denied as to both counts because, at this stage of the proceeding, the Court is obliged to view the evidence, and all reasonable inferences that might be drawn from the evidence, in favor of the United States.  Here, a reasonable jury could conclude beyond a reasonable doubt from the evidence presented that the Defendant Rosile did indeed form an agreement with the co-Defendants to hamper and impede the IRS by presenting a false amended return notwithstanding any disclosure that the return was grounded in the  so called "861 argument" because that argument was itself false and fictitious, and was known by the Defendant to be so at the time the amended return was filed.

It is, therefore, Ordered that the motions, (Docs. 389 and 390), are in all respects Denied.

Done and Ordered in Ocala, Florida this 28th day of January, 2008.

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy, Courtroom Deputy
             Wesley Trent Snipes
             Eddie Ray Kahn
             Douglas P. Rosile

4